

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-10-2005

# Liu v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1620

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Liu v. Atty Gen USA" (2005). *2005 Decisions.* Paper 1035.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1035

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-1620

QIN HUA LIU,

Petitioner

v.

*ALBERTO GONZALES, Attorney General of the United States;
BOARD OF IMMIGRATION APPEALS; U.S. DEPARTMENT OF JUSTICE,

Respondent

*Substituted pursuant to Rule 43c, F.R.A.P.

On Appeal from an Order entered before
The Board of Immigration Appeals
No. A76-107-913

Submitted Under Third Circuit LAR 34.1(a)
June 9, 2005

Before: AMBRO, VAN ANTWERPEN and TASHIMA**, <u>Circuit Judges</u>

(Opinion filed June 10, 2005)

OPINION

_____

** Honorable A. Wallace Tashima, Senior United States Circuit Judge for the
Ninth Circuit Court of Appeals, sitting by designation.

AMBRO, <u>Circuit Judge</u>

Qin Hua Liu petitions for review of the decision of the Board of Immigration Appeals ("BIA") denying her asylum claim as untimely. For the reasons set forth below, we deny the petition.

## I. Factual and Procedural History

Because we write solely for the parties, we note only those facts relevant to our decision. Liu is a native and citizen of the People's Republic of China. She alleges that she fled China on July 25, 1998, and arrived in the United States on August 1, 1998. She was issued a Notice to Appear stating, *inter alia*, that her date and place of entry into the United States were unknown.

The Immigration Judge ("IJ") found that Liu's asylum application, which was filed on January 29, 1999, was timely.[1] The IJ granted Liu asylum and withholding of removal. The Department of Homeland Security ("DHS") appealed the grant of asylum, arguing that Liu had not met her burden of establishing that she had filed her asylum application within one year of her arrival in the United States.[2] The BIA sustained the appeal. It determined, *inter alia*, that (1) the documentary evidence Liu submitted was questionable and (2) there were "numerous inconsistencies" in the information provided

---

[1]An alien must demonstrate by clear and convincing evidence that his or her asylum application was filed "within 1 year after the date of the alien's arrival in the United States." 8 U.S.C. § 1158(a)(2)(B).

[2]DHS did not appeal the grant of withholding of removal.

2

by Liu's cousin about Liu's date of entry. The BIA also noted that Liu had attempted to provide information about her date of entry "on three occasions which was questionable at best and clearly not clear and convincing as tacitly admitted by the [IJ]." (BIA Dec. at 3). Liu now petitions for review of that decision.

## II. Analysis

As Liu concedes, we do not have jurisdiction to review the BIA's determination that her asylum application was untimely. Tarrawally v. Ashcroft, 338 F.3d 180, 185 (3d Cir. 2003) (holding that "the language of 8 U.S.C. § 1158(a)(3) clearly deprives us of jurisdiction to review an IJ's determination that an asylum petition was not filed within the one year limitations period"). However, Liu argues that she is challenging not the BIA's factual determination but rather the procedure by which that determination was reached. According to Liu, that procedure violated her due process rights.

As a general matter, "[d]ue process protections are afforded to aliens facing removal." Ezeagwuna v. Ashcroft, 325 F.3d 396, 405 (3d Cir. 2003). Pursuant to this principle, we retain jurisdiction to review due process claims made by aliens even when we do not have jurisdiction to review the underlying decision made by the BIA. See Gjyzi v. Ashcroft, 386 F.3d 710, 714 (6th Cir. 2005) (acknowledging lack of jurisdiction to review BIA's determination regarding timeliness of an asylum application but exercising jurisdiction over alien's due process challenge to the process by which that determination was reached); see also Torres-Aguilar v. INS, 246 F.3d 1267, 1271 (9th

3

Cir. 2001) (holding that the court retained jurisdiction over a colorable claim of a due process violation by an alien even when it did not have jurisdiction to review the underlying discretionary decision of the Attorney General). In this context, our review of Liu's due process claim is *de novo*. Ezeagwuna, 325 F.3d at 405.

Liu argues that her procedural due process rights were violated because "the BIA [did] not specify what evidence would be required for petitioner to meet her burden, nor [was] petitioner given the opportunity to testify about why certain evidence was not presented to establish the time and place she entered the United States." (Pet'r Br. at 8). This argument essentially recasts a challenge to the merits of the BIA's decision on whether Liu met her burden of showing that her application was timely into a due process claim. As the BIA noted, Liu was allowed to submit evidence to the IJ in support of her claim that she arrived in the United States on August 1, 1998, on *three* occasions. Liu provided the IJ with both documentary evidence and testimony from a family member. The timeliness of Liu's asylum application was also fully briefed before the BIA, and the BIA issued a detailed decision stating what it viewed as the problems with Liu's case.

These facts demonstrate that Liu received a full and fair hearing. It is not our role to re-weigh the evidence and, as stated above, we do not have jurisdiction to review the BIA's underlying decision on timeliness. On this record, Liu cannot prevail on her due process claims. Cf. Torres-Aguilar, 246 F.3d at 1271 (holding that alien had not alleged a colorable due process claim when he did "not contend that he was prevented from

4

presenting his case before the [IJ] or the BIA, denied a full and fair hearing before an impartial adjudicator or otherwise denied a basic due process right").

### III. Conclusion

Thus, we deny Liu's petition for review.[3]

---

[3]The Government's motion to dismiss for lack of jurisdiction is denied as moot.